As to one of the exceptions : the bill charged that the defendant had sold goods to one Mancks on credit and without taking security therefor. And as to another exception, the bill alleged the insolvency of Mancks.

THE VICE-CHANCELLOR said : The point of the first exception is that the defendant sold goods to Mancks on credit and without taking security therefor. The answer admits the sale on credit; and then says : " but not without taking any security therefor." This is a negative pregnant and the defendant is bound to go on and say what security he took and to discover all the particulars concerning the security : *Methodist Episcopal Church* v. *Jaques,* 1 J. C. R. 76.

The objection to the answer upon the second exception is, that the defendant has not answered as to his information concerning the alleged insolvency of Mancks. The answer says " he does not know or believe" that he was insolvent. His want of knowledge and his disbelief is not enough. He is bound to answer as to his information on the subject, if he have any ; and to express his belief or disbelief founded upon that information. If he have no information as well as no knowledge in relation to the circumstance charged, then he need not say any thing by way of belief.

Mr. *Silliman,* for the defendant.

Mr. *Taylor,* for the complainant.

---

### SATTERLEE and others *v.* TRUE and another.

---

Where an action is commenced prior to the first of June, 1840, and the judgment is docketed and creditor's bill filed afterwards, it should appear affirmatively when the action was begun—otherwise, a demurrer will hold, provided the time of issuing and returning the *fi. fa.* should be within that now required by the law of the first of June, 1840.

WILLOUGHBY
*v.*
COMSTOCK.

October 20,

*Pleading.*
*Judgment*
*creditor.*
*Fi. fa.*

DEMURRER to a judgment creditor's bill founded on a judgment docketed since the passing of the act which took effect on the first of June, one thousand eight hundred and forty. The bill did not show at what time the action had been commenced, but gave the test of the *fi. fa.* the thirteenth of July and the return the sixteenth of the same month.

THE VICE-CHANCELLOR decided : that where a judgment has been recovered since the first day of June, one thousand eight hundred and forty, when the new law took effect, in an action commenced before, it should appear affirmatively in the bill that the suit was commenced before the first of June, in order to make the issuing and return of the *fi. fa.* regular, when the same has been issued before the expiration of thirty days and is returnable in less than sixty days.

The demurrer was allowed, with costs—giving liberty to amend.

His honor also gave it as his opinion that, on a judgment in the superior court, there was no necessity to docket it or issue execution in any other county than the city and county of New York.

Mr. *Allen,* for the defendants.

Mr. *Howe,* for the complainants.